This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.            **NO. 31,422**

**CHRISTINA CRUZ,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

  Defendant appeals her conviction for battery against a household member. We proposed to affirm in a calendar notice, and we have received a memorandum in

opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant claims that there was insufficient evidence to prove, beyond a reasonable doubt, that Defendant did not act in self defense when she struck Mendoza. As discussed in our calendar notice, conflicting testimony was given by Defendant and Mendoza. The jury resolved the conflict in that testimony and rejected Defendant's claim of self defense. *See State v. Coffin*, 1999-NMSC-038, ¶ 13, 128 N.M. 192, 991 P.2d 477 (stating jury may reject version of events regarding claim of self defense); *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (discussing jury's chore of resolving conflicts and determining credibility when addressing claim of self defense); *State v. Hill*, 2001-NMCA-094, ¶10, 131 N.M. 195, 34 P.3d 139 (clarifying that it is reasonable for a jury to accept or reject a defendant's version of events when deciding whether the defendant acted in self defense).

Defendant cites to *State v. Maes*, 2007-NMCA-089, 142 N.M. 276, 164 P.3d 975, which states that, for proof beyond a reasonable doubt, the evidence and inferences from that evidence "must be sufficiently compelling" such that a reasonable juror was able to be nearly certain of the guilt of the defendant. *Id.* ¶ 12. This Court, in applying the standard, defers to the jury's evaluation of the evidence. *Id.* Defendant's defense to the battery charge was that she was acting in self defense when

she hit Mendoza. Mendoza testified that, while Defendant was standing in his apartment with no obstacles behind her, she hit his lip with her fist. The jury heard Mendoza's testimony and other evidence provided by the parties. The jury evaluated the evidence and determined that Defendant was guilty of the charge. We hold that the evidence was sufficient to prove that Defendant was not acting in self defense when she committed the act of battery.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**LINDA M. VANZI, Judge**

3